**Reversed and Remanded and Majority and Dissenting Opinions filed July 29, 2021.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-19-00427-CV

---

**HOUSTON PROFESSIONAL FIRE FIGHTERS ASSOCIATION, IAFF LOCAL 341; PATRICK "MARTY" LANCTON; GABRIEL ANGEL DOMINGUEZ; ROY ANTHONY CORMIER; BRIAN RAY WILCOX; AND DELANCE SHAW, Appellants**

**V.**

**HOUSTON POLICE OFFICERS' UNION; CITY OF HOUSTON; MAYOR SYLVESTER TURNER; COUNCILMEMBERS AMY PECK, TARSHA JACKSON, ABBIE KAMIN, CAROLYN EVANS-SHABAZZ, DAVE MARTIN, TIFFANY D. THOMAS, GREG TRAVIS, KARLA CISNEROS, ROBERT GALLEGOS, EDWARD POLLARD, MARTHA CASTEX-TATUM, MIKE KNOX, DAVID ROBINSON, MICHAEL KUBOSH, LETITIA PLUMMER, AND SALLIE ALCORN; CONTROLLER CHRIS BROWN; AND FINANCE DEPARTMENT DIRECTOR TANTRI EMO, Appellees**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-85465**

---

# DISSENTING OPINION

I agree with the trial court that the Appellees met their summary judgment burden to show that the pay-parity amendment is contrary to FPERA, and the Fire Fighter Appellants failed to raise a genuine issue of material fact. Thus, I respectfully dissent.

\* \* \*

Because FPERA unmistakably preempts contrary local law,[1] this case presents a simple question: Is the the pay-parity amendment's compensation scheme contrary to FPERA?[2] The answer is "yes."

FPERA requires the City to provide fire fighters with compensation that is "substantially equal to" comparable employment in the private sector and "based on prevailing private sector compensation" for other jobs requiring the same or similar skills, abilities, and training. *See* Tex. Loc. Gov't Code § 174.021. The pay-parity amendment provides, on the other hand, that the City must compensate fire fighters in an amount that is at least equal to compensation provided to the City's police officers.

The majority suggests that the pay-parity amendment merely establishes a compensation "floor" for fire fighters. The majority envisions a hypothetical world in which fire fighters' compensation, based on private sector FPERA

---

[1] *See* Tex. Loc. Gov't Code § 174.005 ("This chapter preempts all contrary local ordinances, executive orders, legislation, or rules adopted by the state or by a political subdivision or agent of the state, including a personnel board, civil service commission, or home-rule municipality.").

[2] *See City of Laredo v. Laredo Merchants Assoc.*, 550 S.W.3d 586, 593 (Tex. 2018) ("In this case, legislative intent in the Act to preempt local law is clear. The Act states that a local government or other political subdivision may not adopt certain ordinances. The issue is whether the Ordinance falls within the Act's ambit." (quotations and punctuation omitted)).

standards, might exceed police officers' compensation, so "the pay-parity amendment does not always foreclose the application of section 174.021's standards." Maj. Op. at 17. Indeed, the amendment could be consistent with FPERA if the City's police officers were paid compensation that is substantially equal to comparable employment in the private sector or based on prevailing private sector compensation.[3] But the only evidence adduced in this case on the subject matter shows that the City's police officers are not currently compensated in such a way. Former City of Houston Chief of Police Art Acevedo testified that police officers' compensation is not based on prevailing private sector compensation. The Fire Fighter Appellants concede that, absent the pay-parity amendment, the City's police officers currently are paid substantially more than fire fighters.

The majority's interpretation of FPERA that it does not establish the exclusive standard for determining fire fighter compensation is not a reasonable construction that gives effect to both FPERA and the pay-parity amendment. FPERA requires one standard: comparable private sector compensation. The pay-parity amendment requires another standard: police officers' compensation. The undisputed evidence shows that these two standards are not currently equivalent: police officers' compensation is not based on private sector compensation, and their compensation is substantially more than fire fighters' compensation. Thus, there is an "actual conflict" between FPERA and the amendment. Hypothetically, police officers' compensation *could* be based on private sector compensation, thus satisfying FPERA, but we cannot rely on the Appellees to alter their method for compensating police officers so that fire fighters' compensation would comply

---

[3] That is, assuming fire fighters and police officers are engaged in comparable employment utilizing the same or similar skills, abilities, and training.

3

with FPERA's private sector requirements.  *See BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 17 (Tex. 2016) (reasoning that it would not be a reasonable construction of the statute and ordinance to rely on the city's discretion in not enforcing its more stringent ordinance).[4]

\* \* \*

Because the pay-parity amendment ties fire fighters' compensation to a standard that is not based on prevailing private sector compensation, under the uncontroverted evidence in this case, the amendment is contrary to FPERA.  The trial court did not err by granting summary judgment to the Appellees.


/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Spain, and Hassan.  (Hassan, J., majority).

---

[4] Moreover, the majority cherry-picks the policies underlying FPERA that support the majority's result, ignoring those that do not.  *See* Tex. Loc. Gov't Code § 174.002(a) (noting the policy of this state that fire fighters are provided compensation that is substantially the same as compensation prevailing in comparable private sector employment).  Our role is not to second-guess the policy choices that inform our statutes or to weigh the effectiveness of their results; rather, our task is to interpret statutes to effectuate the Legislature's intent.  *See McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003).